# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEH ENERGY, LLC ET AL.** | **CIVIL ACTION** |
| V. | NO. 17-8274 |
| **KEAN MILLER LLP ET AL.** | SECTION "L" (2) |

## ORDER & REASONS

Before the Court are Defendants Stephen Hanemann and Kean Miller's Motions to Dismiss. R. Docs. 27, 29. Plaintiffs oppose the motions. R. Doc. 31. The Court held oral argument on this matter on November 15, 2017. Having considered the parties' arguments, submissions, and the applicable law, the Court now issues this Order and Reasons.

### I. BACKGROUND

This lawsuit arises from the representation by Defendants of Plaintiffs when they invested in Louisiana oil prospects. Plaintiff CEH Energy, LLC ("CEH Energy") is a Delaware corporation, wholly owned and created by Plaintiff Shenzhen Careall Investment Holdings Group Co., Ltd. ("Careall"), for the purpose of investing in Louisiana oil prospects. R. Doc. 1 at 1-2. Plaintiffs invested a total of $2.1 million in two oil prospects. R. Doc. 1 at 5. The oil prospects were owned by Intrepid Drilling, LLC ("Intrepid"), which is owned by Bill Simmons. R. Doc. 1 at 2. Plaintiffs allege that the investments were fraudulent. R. Doc. 1 at 25-26. Plaintiffs have filed a lawsuit in federal court in Mississippi against Intrepid and Bill Simmons claiming that these defendants failed to disclose material omissions, including a $205 million outstanding RICO judgment, and defrauded Plaintiffs. R. Doc. 1 at 5, 10-11.

1

Defendants in the present lawsuit are Kean Miller LLP ("Kean Miller") and Stephen Hanemann. R. Doc. 1. Stephen Hanemann is a partner at Kean Miller. R. Doc. 1 at 3. Stephen Hanemann was engaged by Plaintiffs, at the suggestion of Bill Simmons, to represent them regarding their investments in Louisiana oil prospects. R. Doc. 1 at 2-3. Plaintiffs allege that Kean Miller and Stephen Hanemann already were, and had been, representing Intrepid and Bill Simmons. R. Doc. 1 at 4. Plaintiffs allege that Kean Miller and Stephen Hanemann had a conflict of interest, failed to disclose material omissions regarding the investment, and breached their fiduciary duties. R. Doc. 1 at 5-6, 30.

Plaintiffs claim that had they known about the conflict of interest they would have hired different representation. R. Doc. 1 at 7. Plaintiffs further allege that competent counsel would have discovered and/or disclosed the judgments against Intrepid and Bill Simmons and therefore, Plaintiffs would not have made the oil prospect investments. R. Doc. 1 at 7. Plaintiffs bring the following claims against Kean Miller and Stephen Hanemann: breach of fiduciary duty, conspiracy, conversion, negligent misrepresentation, unjust enrichment, violation of Louisiana Unfair Trade Practices Act ("LUTPA"), detrimental reliance, and fraud. R. Doc. 1 at 39-48. Plaintiffs request damages in the amount of their investment as well as attorney fees. R. Doc. 1 at 39-48.

II.     **PENDING MOTIONS**

Defendant Stephen Hanemann moves to dismiss for failure to state a claim upon which relief can be granted. R. Doc. 27. Defendant argues that each claim made by Plaintiff is insufficient or barred by preemption or estoppel. R. Doc. 27-1 at 1-2. Therefore, Defendant asks that the Court dismiss Plaintiffs' claims against him. R. Doc. 27.

Defendant Kean Miller also moves to dismiss all of Plaintiffs' claims against it for failure

to state claims upon which relief can be granted. R. Doc. 29. Defendant avers that Plaintiffs' claims are either barred by res judicata, perempted, and/or not well pleaded. R. Doc. 29-1 at 1. Defendant also alleges that Plaintiffs had decided to invest in the oil prospects before contacting Kean Miller and Stephen Hanemann and that Plaintiffs' retention of Defendants was limited to reviewing the agreement to participate in the oil prospects. R. Doc. 29-1 at 2-3.

Plaintiffs respond in opposition to Defendants' motions. R. Doc. 31. Plaintiffs allege that all of their claims are timely. R. Doc. 31-1 at 11. Plaintiffs submit that all of their claims are based on alleged fraudulent actions by the Defendants and so are not perempted because they fall into an exception. R. Doc. 31-1 at 11-12. Plaintiffs allege that, because the fraud exception applies, normal prescriptive periods apply to their claims. R. Doc. 31-1 at 13. Plaintiffs allege that all relevant actions of Defendants took place within the prescriptive periods and even if they did not, the claims would not be prescribed because they relate back to the complaint filed in Mississippi court. R. Doc. 31-1 at 16. Plaintiffs claim that they are not suing for malpractice but rather all of their claims are based on Defendants' alleged fraud. R. Doc. 31-1 at 21.

### III. LAW & ANALYSIS

#### a. Motion to Dismiss Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Generally, when evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court should not look past the pleadings.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### b. Peremption & Prescription

Plaintiffs' claims, however couched, are actions against an attorney arising out of an engagement to provide adequate legal services. Louisiana Revised Statute 9:5605 provides particular peremptive and prescriptive periods for all "action[s] for damages against any attorney [or law firm] arising out of an engagement to provide legal services." Such claims are traditionally referred to as legal malpractice claims. Under Louisiana law, legal malpractice claims are perempted[1] "unless filed in a court of competent jurisdiction . . . within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered." *Gorman v. Billingsley*, 1999 WL 1240817, at *1 (5th Cir. 1999); La. Rev. Stat. § 9:5605. Louisiana also places an absolute limit on legal malpractice claims through a three-year peremptive period that runs from the date of the act, omission or neglect giving rise to the claim. La. Rev. Stat. § 9:5605(A). A peremptive period "is a period of time fixed by law for the existence of a right[;]" unlike a

---

[1] La. Rev. Stat. § 9:5605(B). "[These] periods are expressly peremptive." Jennifer Thornton, Comment, *Louisiana Revised Statute Section 9:5605: A Louisiana Lawyer's Best Friend*, 74 Tul. L. Rev. 659, 661-62 (1999).

4

prescriptive period, the running of a peremptive period destroys the cause of action including the natural obligation. La. Civ. Code arts. 1762, 3458.

For purposes of discovery, the period begins to run when a client knew or should have known of facts that would have enabled him to state a cause of action for malpractice, even if the client has a limited ability to comprehend and evaluate those facts. *Turnbull v. Thensted*, 757 So.2d 145, 150 (La. App. 4 Cir. 2000). A client is considered to have discovered potential malpractice once he hires an attorney to represent him in a malpractice action. *Id.* The actual date of discovery is prior to hiring, however, because a client has formed an awareness of potential malpractice prior to that date. *Id.*

However, the statute provides for an exception to the peremptive periods in cases of fraud. La. Rev. Stat. § 9:5605 (E). The Louisiana Supreme Court has held that "none of the time periods in the statute can be applied to legal malpractice claims once fraud ha[s] been established." *Lomont v. Bennett*, 2014-2483 p. 23 (La. 6/30/15), 172 So.3d 620, 636. When the fraud exception applies, the claim is subject to the ordinary prescription period. *Id.* Thus, a client who discovers an attorney's fraud may bring his action more than three years from the date of the fraudulent act, so long as the action is brought within one year from the date the client discovered the fraud. La. Rev. Stat. § 9:5605(E); *Broussard v. Toce*, 746 So.2d 659 (La. App. 3 Cir. 1999).

Fraud is a misrepresentation or suppression of the truth made with the intent to gain an unjust advantage or to cause another loss or inconvenience. La. Civ. Code art. 1953. To prove fraud, a plaintiff must show that the defendant had an intent to defraud; a showing of negligence is not enough. *Cortes v. Lynch*, 846 So.2d 945, 950 (La. App. 1 Cir. 2003). In addition, fraud must be pleaded with particularity. La. Code Civ. Proc. art. 856.

### c. Discussion

Here, Plaintiffs are suing Defendants based on alleged actions that occurred during or because of Defendants' legal representation of Plaintiffs. Therefore, all of Plaintiffs' claims fall under Louisiana Revised Statute 9:5605 because all of the claims are against an attorney or law firm, arising out of the provision of legal services. The representation of Plaintiffs by Hanemann and Kean Miller took place in November 2013. Plaintiffs state that they discovered the alleged bad actions in January 2015. This lawsuit was filed on August 25, 2017. Plaintiffs knew the facts enabling them to state a cause of action more than two years before filing this claim. Accordingly, Plaintiffs' claims would be perempted under 9:5605.

In addition to their other claims, Plaintiffs have brought a claim for fraud, and state that all of their claims are based on fraud, and thus, the peremptive periods of 9:5605 do not apply. Nonetheless, the action remains subject to the one-year fraud prescriptive period from the date the Plaintiffs knew or should have known of the alleged fraudulent acts. In *Lomont v. Bennett*, the Louisiana Supreme Court held that "in cases where fraud is established pursuant to La. Rev. Stat. 9:5605(E), a legal malpractice claim is governed by the one-year prescriptive period set forth in La. Civ. Code art. 3492." 2014-2483 p. 24 (La. 6/30/15); 172 So.3d 620, 637 (quoting *Braud v. New England Ins. Co.*, 576 So.2d 466, 468 (La. 1991)).

Applying the prescriptive period for fraud, Plaintiffs' claims have prescribed on their face. Therefore, Plaintiffs have the burden to demonstrate that the claims have not prescribed. Plaintiffs have not demonstrated any reason why they should not or could not have filed these claims within the prescriptive period. Further, Plaintiffs have not shown, and the Court has not found, any reason to apply the doctrine of *contra non valentum* to these claims.[2]

---

[2] The Louisiana Supreme Court has recognized four factual situations in which *contra*

Plaintiffs claim that this fraud claim should sound in contract because it arises out of a contractual attorney-client relationship. If so, Plaintiffs argue, the prescriptive period is ten years. However, the logical result of this argument is absurd because all claims against attorneys arising out of the provision of legal services are based on a contractual attorney-client relationship. Thus, such an interpretation would render La. 9:5605 meaningless. Courts have routinely categorized claims against attorneys as delictual claims "unless an attorney 'expressly warrants a particular result.'" *See, e.g.*, *B. Swirsky & Co., Inc. v. Bott*, 598 So.2d 1281, 1282-83 (1992) (quoting *Cherokee Restaurant, Inc. v. Pierson*, 428 So.2d 995, 999 (La. App. 1 Cir. 1983)) (holding that an attorney who state he would file insurance paperwork did not make an express warranty and the claim against him was delictual). Here, Defendants did not expressly warrant a result. Therefore, Plaintiffs claims cannot sound in contract.

Next, Plaintiffs argue that, under Federal Rule of Civil Procedure 15(c), their claims should relate back to the date they file the lawsuit in Mississippi. This argument is without merit because the present complaint is not an amendment of the Mississippi complaint. Furthermore, filing the complaint in federal court in Mississippi cannot toll the prescriptive period against these Defendants because the Mississippi court is not a court of competent jurisdiction as to

---

*non valentum* prevents the running of liberative prescription:
    (1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
    (2) Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
    (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action;
    (4) Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
*Fontenot v. ABC Ins. Co.*, 95-1707 p.4 (La. 6/7/96); 674 So.2d 960. 963.

them.[3]

Plaintiffs have also argued that, because they have alleged fraud, the prescriptive periods for each individual claim should apply. However,

> the rationale for the fraud exclusion . . . is that a plaintiff may be prevented by fraudulent acts from ever knowing the existence of a claim. Once a person has notice of a claim, it no longer matters if the claim sounds in fraud or some other theory such as negligence: the plaintiff is on notice and must act.

George Denègre, Jr. & Shannon S. Holtzmann, Professional Malpractice Peremption: Clarified Through Adversity, La. B.J. Oct.-Nov. 2011 at 176, 178. The purpose of the exception is to soften the peremptive period in situations where plaintiffs would have a claim perempted because an attorney continued to conceal fraud of malpractice with additional fraud or deceit. In this way, the fraud exception is similar to the doctrine of continuous representation in that it acts to transform the peremptive period into a prescriptive period and suspend prescription until the discovery of fraud, at which time the plaintiff is likely to terminate the attorney-client relationship. The Court has found no examples of courts applying prescriptive periods other than that for fraud under 9:5605(E). Furthermore, the Court does not believe that the purpose of the exception necessitates this interpretation. Therefore, Plaintiffs have not met their burden to demonstrate that the prescriptive period has not run against their claims and all of Plaintiffs claims against Defendants Hanemann and Kean Miller are prescribed.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants Stephen Hanemann and Kean Miller's Motions to Dismiss, R. Docs. 27, 29, are **GRANTED**. Plaintiff's claims against Stephen Hanemann and Kean Miller

---

[3] Plaintiffs' claims against Defendants were dismissed by the Mississippi court for lack of

are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 20th day of November, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

personal jurisdiction.