## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEH ENERGY, LLC ET AL.** | **CIVIL ACTION** |
| **V.** | **NO. 17-8274** |
| **KEAN MILLER LLP ET AL.** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion for Reconsideration. R. Doc. 47. Defendants oppose the motion. R. Doc. 53. Having considered the parties' submissions and the applicable law, the Court now issues this Order & Reasons.

## I.         BACKGROUND

This lawsuit arises from the representation by Defendants of Plaintiffs who are investors in Louisiana oil prospects. Plaintiff CEH Energy, LLC ("CEH Energy") is a Delaware corporation, wholly owned and created by Plaintiff Shenzhen Careall Investment Holdings Group Co., Ltd. ("Careall"), for the purpose of investing in Louisiana oil prospects. R. Doc. 1 at 1-2. Plaintiffs invested a total of $2.1 million in two oil prospects. R. Doc. 1 at 5. The oil prospects were owned by Intrepid Drilling, LLC ("Intrepid"), which is owned by Bill Simmons. R. Doc. 1 at 2. Plaintiffs allege that the investments were fraudulent. R. Doc. 1 at 25-26. Plaintiffs filed a lawsuit in federal court in Mississippi against Intrepid and Bill Simmons claiming that these defendants failed to disclose material omissions, including a $205 million outstanding RICO judgment, and defrauded Plaintiffs. R. Doc. 1 at 5, 10-11.

Defendants in the present lawsuit are Kean Miller LLP ("Kean Miller") and Stephen

Hanemann. R. Doc. 1. Stephen Hanemann is a partner at Kean Miller. R. Doc. 1 at 3. Stephen Hanemann was engaged by Plaintiffs, at the suggestion of Bill Simmons, to represent them regarding their investments in Louisiana oil prospects. R. Doc. 1 at 2-3. Plaintiffs allege that Kean Miller and Stephen Hanemann already were, and had been, representing Intrepid and Bill Simmons. R. Doc. 1 at 4. Plaintiffs allege that Kean Miller and Stephen Hanemann had a conflict of interest, failed to disclose material omissions regarding the investment, and breached their fiduciary duties. R. Doc. 1 at 5-6, 30.

Plaintiffs claim that had they known about the conflict of interest they would have hired different counsel. R. Doc. 1 at 7. Plaintiffs further allege that competent counsel would have discovered and/or disclosed the judgments against Intrepid and Bill Simmons, and Plaintiffs, had they been so informed, would not have made the oil prospect investments. R. Doc. 1 at 7. Plaintiffs bring the following claims against Kean Miller and Stephen Hanemann: breach of fiduciary duty, conspiracy, conversion, negligent misrepresentation, unjust enrichment, violation of Louisiana Unfair Trade Practices Act ("LUTPA"), detrimental reliance, and fraud. R. Doc. 1 at 39-48. Plaintiffs request damages in the amount of their investment as well as attorney fees. R. Doc. 1 at 39-48.

On November 20, 2017, the Court granted Defendants' motions to dismiss Plaintiffs' claims with prejudice. R. Doc. 45. The Court held that all of Plaintiffs' claims were perempted under La. R.S. 9:5605 or if they fell under the statute's fraud exception were prescribed under Article 3492. R. Doc. 45. Judgment was entered for Defendants on November 21, 2017. R. Doc. 46. Plaintiff now moves the Court to reconsider its Order and Judgment. R. Doc. 47.

II.        PENDING MOTION

Plaintiffs move the Court to reconsider under Rule 59(e). R. Doc. 47-1 at 1. First,

Plaintiffs argue that this Court's decision is at odds with Judge Morgan's ruling in *In re: Queyrouze, et al.*, 2017 WL 5185426 (E.D. La. Nov. 8, 2017). R. Doc. 47-1 at 2. Second, Plaintiffs argue that the Court relied on bad law. R. Doc. 47-1 at 1. Third, Plaintiffs argue that the Fifth Circuit's ruling in *Gerdes v. Estate of Cush*, 953 F.2d 201 (5th Cir. 1992), dictates reconsideration in this case. R. Doc. 47-1 at 6. Finally, Plaintiffs argue that public policy favors finding a ten-year prescriptive period for breach of fiduciary duty claims against attorneys. R. Doc. 47-1 at 10. Defendants oppose Plaintiffs' motion. R. Doc. 53.

## III.        LAW & ANALYSIS

### a.  Standard of Review

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). Rule 59(e) governs when the motion is filed within 28 days of the challenged order. Fed. R. Civ. P. 59(e). Because Plaintiffs' motion was filed within 28 days of entry of the Order & Reasons it challenges, the Court treats the motion as one pursuant to Rule 59(e).

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479. "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the

controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (quoting *Venegas–Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004)). In the Fifth Circuit, altering, amending, or reconsidering a judgment under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. "A Rule 59(e) motion should not be used to re-litigate prior matters that . . . simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). Yet at the same time, the Rule 59(e) standard "favors denial of motions to alter or amend." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

### b. Discussion

Here, Plaintiffs do not offer any newly discovered evidence. Rather, they argue that the Court should reconsider to correct an error of law. Plaintiffs ask the Court to reconsider its decision dismissing Plaintiffs' breach of fiduciary duty claim as perempted under La. R.S. 9:9605.

First, Plaintiffs argue that the Court's decision is at odds with Judge Morgan's ruling in *In re: Queyrouze, et al.* and as such, the Court must reconsider its decision. R. Doc. 47-1 at 2. However, Plaintiffs fundamentally misunderstand the *stare decisis* doctrine. "While circuit courts . . . follow a very strong version of stare decisis, there is generally no similar 'law of the district' doctrine in federal district court. Thus, one district judge is not bound by the earlier decision of another judge in the same district." Joseph W. Mead, *Stare Decisis in the Inferior Courts of the United States*, 12 Nev. L.J. 787, 800 (2012). Indeed, the United States Supreme Court has held that "[a] decision of a federal district court judge is not binding precedent in

either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1] [d], p. 134-36 (3d ed. 2011)). Therefore, Plaintiffs' claim that this Court is bound by the decision in *In re: Queyrouze, et al.* is mistaken.[1]

Second, Plaintiffs claim that the Court relied on bad law because the Court cited *Broussard v. Toce*, 99-555 (La. App. 3 Cir. 10/13/99), 746 So.2d 659, 662, in its previous order. R. Doc. 45 at 5. Plaintiffs are correct that the holding in *Broussard* that the fraud exception in La. R.S. 9:5605E only applies to the three year peremptive period was abrogated by *Lomont v. Bennett*, 14-2483, p.21 (La. 6/30/15), 172 So.3d 620, 635. However, the Court did not rely on this holding. Rather, the Court cited *Lomont* for the proposition that neither of the peremptive periods in 9:5605A applies under the fraud exception. The following sentence regarding the prescriptive period for fraud is easily supported by citations to La. R.S. 9:5605E, *Lomont*, and/or Article 3492. Additionally, the Court relies on these citations to support its holding.

Third, Plaintiffs argue that public policy supports reconsideration. These arguments were made by Plaintiffs and heard by the Court prior to its ruling on the Defendants' motions for summary judgment. Therefore, they are not appropriate arguments on motion for reconsideration.

The remainder of Plaintiffs' arguments rest on *Gerdes* and subsequent case law. In *Gerdes*, the Fifth Circuit held that "[w]here the attorney has breached the fiduciary duty to the client by engaging in self-dealing . . . the ten year prescriptive period applies." 953 F.2d at 205. Plaintiffs argue that *Gerdes* is applicable to this case because they have brought a breach of fiduciary duty claim against Defendants. While the Court does not agree with Defendants that

---

[1] Additionally, as explained below, the Court's decision is not in conflict with Judge Morgan's holding in *In re: Queyrouze, et al.*

*Gerdes* has been abrogated by La. R.S. 9:5605, neither is it convinced that *Gerdes* dictates that Plaintiffs' claim is subject to a ten-year prescriptive period.[2] In *Gerdes* the Fifth Circuit distinguishes between negligent breach of fiduciary duty and fraudulent or intentional breach of fiduciary duty based on self-dealing. Therefore, the Court finds that the proper analysis for the Court to determine which type of claim is supported by the underlying facts of Plaintiffs' claim.

When fraud is alleged in a pleading, Plaintiff is required to state the circumstances alleging fraud with particularity. 5A Charles Allen Wright et al., *Federal Practice and Procedure §1298*, at 242-48 (3d ed. 2004). "What constitutes 'particularity' will necessarily differ with the facts of each case . . . 'Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Benchmark Elec. Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992); *Tel-Phonic Servs. Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). "[A] plaintiff alleging fraud by silence should be able to allege the following with reasonable particularity: (1) the information that was withheld, (2) the general time period during which the fraudulent conduct occurred, (3) the relationship giving rise to the duty to speak, and (4) what the person or entity engaged in the fraudulent conduct gained by withholding the information." *Chrysler Credit Corp. v. Whitney Nat. Bank*, 824 F. Supp. 587, 598 (E.D. La. 1993) (internal citation omitted).

Plaintiffs allege 1) that Mr. Hanemann withheld the fact that he was representing both sides of the oil prospecting transaction, had a conflict of interest, and had information about judgments against Intrepid, 2) that this conflict of interest and failure to disclose began as soon

---

[2] Additionally, any appeals to *Gerdes* should have been provided prior to the Court's determination of Defendants' motions for summary judgment.

as Mr. Hanemann began to represent Plaintiffs, and 3) that Mr. Hanemann owed Plaintiffs a duty to disclose this conflict of interest based on the attorney-client relationship. However, what Plaintiffs fail to allege is what Mr. Hanemann stood to gain from the alleged breach of fiduciary duty. Plaintiffs do not allege that Mr. Hanemann was a shareholder in Intrepid or the oil prospects, that he held any corporate position with respect to Intrepid, or was getting any sort of special deal from Intrepid, Bill Simmons, or anyone else for withholding information from Plaintiffs. *Cf. In re Queyrouze*, 2017 WL 5185426 at *9. On the contrary, the facts suggest that rather than potentially jeopardize his relationship with Plaintiffs, Mr. Hanemann was motivated to satisfy them and retain them as long-term clients. The facts clearly show that the only thing Mr. Hanemann or Kean Miller stood to gain from this representation was attorney's fee from Plaintiffs. Therefore, Plaintiffs fail to allege fraud with particularity.

Plaintiffs label this a claim for intentional, fraudulent breach of fiduciary duty based on self-dealing. Nevertheless, when you peel it back to examine the facts, the claim is simply breach of fiduciary duty based on failure to disclose. A failure to disclose sounds in negligence rather than fraud. *Andre v. Golden*, 99-689, p. 6 (La. App. 5 Cir. 12/21/99); 750 So.2d 1101, 1103. La. R.S. 9:5605 applies to legal malpractice claims based on alleged negligent breach of fiduciary duty. *Gerdes*, 953 F.2d 201; *Andre*, 705 So.2d at 1104. Therefore, because the Court finds that Plaintiffs' breach of fiduciary duty claim is based on an alleged failure to disclose and sounds in negligence, the Court also finds that La. R.S. 9:5605A applies and Plaintiffs' claim is perempted.

## IV.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration, R. Doc. 47, is **DENIED**.

New Orleans, Louisiana this 7th day of February, 2018.

_____

UNITED STATES DISTRICT JUDGE