# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEH ENERGY, LLC ET AL.** | **CIVIL ACTION** |
| V. | NO. 17-8274 |
| **KEAN MILLER LLP ET AL.** | SECTION "L" (2) |

## ORDER & REASONS

Before the Court are Plaintiffs' second Motion for Reconsideration, R. Doc. 61, Motion to Amend Complaint, R. Doc. 60, and Motion to Amend/Correct their Motion for Reconsideration, R. Doc. 62. Defendants oppose the motions. R. Docs. 63, 64. Having considered the parties' submissions and the applicable law, the Court now issues this Order & Reasons.

## I.     BACKGROUND

This lawsuit arose from the representation by Defendants of Plaintiffs who are investors in Louisiana oil prospects. Plaintiff CEH Energy, LLC ("CEH Energy") is a Delaware corporation, wholly owned and created by Plaintiff Shenzhen Careall Investment Holdings Group Co., Ltd. ("Careall"), for the purpose of investing in Louisiana oil prospects. R. Doc. 1 at 1-2. Plaintiffs invested a total of $2.1 million in two oil prospects. R. Doc. 1 at 5. The oil prospects were owned by Intrepid Drilling, LLC ("Intrepid"), which is owned by Bill Simmons. R. Doc. 1 at 2. Plaintiffs allege that the investments were fraudulent. R. Doc. 1 at 25-26. Plaintiffs filed a lawsuit in federal court in Mississippi against Intrepid and Bill Simmons claiming that these defendants failed to disclose material omissions, including a $205 million

1

outstanding RICO judgment, and defrauded Plaintiffs. R. Doc. 1 at 5, 10-11.

Defendants in this action are Kean Miller LLP ("Kean Miller") and Stephen Hanemann. R. Doc. 1. Stephen Hanemann is a partner at Kean Miller. R. Doc. 1 at 3. Stephen Hanemann was engaged by Plaintiffs, at the suggestion of Bill Simmons, to represent them regarding their investments in Louisiana oil prospects. R. Doc. 1 at 2-3. Plaintiffs alleged that Kean Miller and Stephen Hanemann already were, and had been, representing Intrepid and Bill Simmons. R. Doc. 1 at 4. Plaintiffs alleged that Kean Miller and Stephen Hanemann had a conflict of interest, failed to disclose material omissions regarding the investment, and breached their fiduciary duties. R. Doc. 1 at 5-6, 30.

On November 20, 2017, the Court granted Defendants' motions to dismiss Plaintiffs' claims with prejudice. R. Doc. 45. The Court held that all of Plaintiffs' claims were perempted under La. R.S. 9:5605 or if they fell under the statute's fraud exception were prescribed under Article 3492. R. Doc. 45. Judgment dismissing Plaintiffs' claims with prejudice was entered for Defendants on November 21, 2017. R. Doc. 46.

On February 7, 2018, the Court denied Plaintiffs' first motion to reconsider. R. Doc. 58. Plaintiffs now bring a second motion to reconsider and a motion to amend their complaint. R. Docs. 60, 61.

II.        **LAW & ANALYSIS**

    a.  **Second Motion for Reconsideration (R. Doc. 61)**

Motions asking a court to reconsider an order are generally analyzed under the standards for a motion to alter or amend a judgment pursuant to Rule 59(e) or a motion for relief from a judgment or order pursuant to Rule 60(b). *See Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998). "[S]uccessive motion[s] for reconsideration [are] condemned

by well-established authority in [the Fifth] and other circuits." *Charles L.M. v. Ne. Indep. Sch. Dist.*, 884 F.2d 869, 870 (5th Cir. 1989). Additional motions for reconsideration are only considered if the Court, in ruling on the first motion, amended its previous judgment by changing what that judgment did. *Id.* at 870. Here, the Court did not change what the judgment did in ruling on Plaintiffs' first motion. Rather, the Court simply stated that its original ruling was correct and supported by an alternative justification. The Court could have simply denied Plaintiffs' first motion with no additional explanation. Therefore, Plaintiffs' second motion to reconsider is deemed successive and will not be considered.

b. **Motion to Amend Complaint (R. Doc. 60)**

Federal Rule of Civil Procedure 15 provides, "[a] party may amend its pleading once as a matter or course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule (12)(b)." Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[w]hile [Rule 15(a)] endows a district court with 'virtually unlimited discretion' to allow amendments before entry of judgment, that discretion narrows considerably after entry of judgment. . . . Post-judgment amendment to a complaint can only occur once the judgment itself is vacated." *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981); 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure § 1489 (2d ed. 1990 & Supp. 1999)). Here, the judgment has not been vacated. Therefore, this Court is without discretion or authority to permit Plaintiffs' to amend their complaint.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' second Motion for Reconsideration, R. Doc. 61, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend Complaint, R. Doc. 60, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend/Correct their Motion for Reconsideration, R. Doc. 62, is **DENIED AS MOOT**.

New Orleans, Louisiana this 28th day of March, 2018.

*/s/ Eldon E. Fallon*

UNITED STATES DISTRICT JUDGE